IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY LLOYD CHESTERMAN, | CV 24-27-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| THE STATE OF MONTANA, GREG GIANFORTE, DEPT. OF CORRECTIONS, DEPT. OF JUSTICE, and CHARLIE YEGEN, | |
| Defendants. | |

On March 1, 2024, Plaintiff Timothy Lloyd Chesterman filed a 42 U.S.C. §

1983 Complaint alleging wrongful imprisonment. (Doc. 2.) The Complaint fails to

state a claim and will be dismissed.

## I. STATEMENT OF THE CASE

### A.    Parties

Chesterman has named as defendants the State of Montana, Governor Greg

Gianforte, the Department of Corrections, the Department of Justice, and Charlie

Yegen. (Doc. 2 at 2 – 4.) Yegen is named in his individual capacity, and the rest

are named in their official capacities.

### B. Allegations

Chesterman alleges that he was kidnapped, wrongfully charged,

1

discriminated against, and wrongfully incarcerated. (Doc. 2 at 5.) Chesterman

asserts that "what [he] did wasn't a felony offense," and the Department of

Corrections violated his due process. (Doc. 2 at 6.) He alleges no specific facts or

details to support or elaborate on these allegations.

Chesterman is not sure what relief he seeks. (Doc. 2 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Chesterman is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant if it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or

desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A

complaint fails to state a claim upon which relief may be granted if a plaintiff fails

to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint

"that states a claim for relief must contain . . . a short and plain statement of the

2

claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A

complaint must "contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  A complaint's allegations must cross "the line from

conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's

allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

First, the Court must identify "the allegations in the complaint that are not entitled

to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are

not entitled to the assumption of truth if they are "merely consistent with liability,"

or "amount to nothing more than a 'formulaic recitation of the elements' of a

constitutional" claim. *Id.* at 679, 681.  A complaint stops short of the line between

probability and the possibility of relief where the facts pled are merely consistent

with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible"

claim for relief. *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This

inquiry is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 679 (citation omitted).  If the

factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. ANALYSIS

Usually, a plaintiff who has failed to allege sufficient facts will be granted leave to amend. However, in this case, it is clear from the face of the Complaint that Chesterman cannot state a claim for relief that the Court will hear. His Complaint will be dismissed.

First, Chesterman has failed to associate the alleged acts of the individual defendants with the injuries that he claims. A plaintiff is obliged to specifically identify which acts of the defendants violated his rights. Chesterman has failed to do so. He has not reached the bar outlined by Rule 8 or *Iqbal* above. He has provided no facts that, if true, would allow the Court to find that these defendants committed a constitutional violation. It is not the Court's job to guess at the relationship between the named defendants and any violation of Chesterman's

rights. The Complaint fails to state a claim and should be dismissed.

Second, Chesterman has named the State of Montana, the Department of Corrections, and the Department of Justice, all of which are immune from suit under the Eleventh Amendment in this Court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Chesterman cannot sue these defendants in this Court.

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997). Thus, Chesterman's suit, if he stated a claim, could go forward against Governor Gianforte only for injunctive relief.

Third, Chesterman has named a private individual, Charlie Yegen of Yegen Insurance. (Doc. 2 at 2.) Aside from the insufficiency of facts as to why Yegen has

been named, he cannot be sued under 42 U.S.C. § 1983 as a private person. Section 1983 applies only to those "acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Chesterman has not identified Yegen as a person in a role in which he would be acting under color of state law.

Finally, and fatal to Chesterman's suit, the Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). Chesterman provides no details about his conviction or the status of any legal proceedings underway. However, the Court takes judicial notice of his previous habeas petition, which was dismissed, without prejudice, as unexhausted. *Chesterman v. Warden*, CV 23-117-BLG-SPW-TJC, 2024 WL 216663 (D. Mont. Jan. 19, 2024). To the extent Chesterman seeks immediate release from custody because he is illegally incarcerated, his remedy lies in a writ of habeas corpus.

On the other hand, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

6

issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Chesterman has not established that his state court conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As such, *Heck* bars this Court's consideration of his claim.

## IV. CONCLUSION

Chesterman's Complaint fails to state a claim because it lacks the specificity required by Fed. R. Civ. P. 8 and *Iqbal,* it names immune defendants, and it is barred by the considerations of *Heck.* Though generally the Court liberally allows amendment, in this case, it determines that the defects in Chesterman's Complaint are such that amendment would be futile.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Chesterman's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Chesterman's

allegations fail to state a claim and are *Heck*-barred. The *Heck* bar is apparent on

the face of the complaint. *See Washington v. L.A. Cty. Sherriff's Dep't*, 833 F.3d

1048, 1056-57 (9th Cir. 2016).

DATED this _3rd_ day of May, 2024.

Susan P. Watters
United States District Court Judge